## CLARK *v.* THE STATE.

The record must show that the indictment was found by a grand jury of the proper county. If the record does not so state, a motion to quash or in arrest of judgment should be sustained.

ERROR to the *Henry* Circuit Court.

SMITH, J.—The record in this case, after the *placita,* commences as follows: "Be it remembered, that, heretofore, to-wit, at a term of the *Henry* Circuit Court begun and held at the court-house in *New-Castle,* within and for the county of *Henry,* in the sixth judicial circuit, in the

MOUNTJOY
v.
ADAIR.

state of *Indiana*, on *Monday*, the 29th day of *October*, in the year of our Lord, 1846, before the judges thereof, *it was presented*, that *Benjamin Clark*, on the first day of *January*, 1846, at said county of *Henry*, was," &c. Here follows the form of an indictment against the said *Clark* for giving a fraudulent valuation of his personal property to the county assessor. A motion to quash was overruled. The defendant then pleaded "not guilty." There was a trial of this issue by a jury, who found the defendant guilty as charged, and assessed his fine at 5 dollars. Motions for a new trial and in arrest of judgment were overruled.

It cannot be presumed by this Court, in the entire absence of any statement in the record to that effect, that the indictment was found by a grand jury of the proper county, and if it was not, the motion to quash, or that in arrest of judgment, should have prevailed.

*Per Curiam.*—The judgment is reversed.

*O. H. Smith*, for the plaintiff.

*J. L. Ketcham*, for the state.